**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
SIDORELA DELIU-KERASIOTIS (SBN 297318)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: sdeliu-kerasiotis@ohaganmeyer.com

*Attorneys for Defendant*
*WALMART INC.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART, INC. and DOES 1 to 20,<br><br>    Defendants. | Case No.: 25-cv-2319<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.**<br><br>**[Filed Concurrently with Declaration of Sidorela Deliu-Kerasiotis in Support Thereof]**<br><br>Complaint Filed: January 28, 2025<br>Trial Date:    None Assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Walmart Inc., ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Alameda, where it is currently pending as Case

1
**NOTICE OF REMOVAL**

No. 25CV108589, to the United States District Court for the Northern District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Yvette Hall is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

**BACKGROUND**

On January 28, 2025, an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled "Yvette Hall v. Walmart, Inc. and DOES 1 to 20", as Case Number 25CV108589. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.[1]

Plaintiff asserts a single cause of action in her Complaint, for premises liability, arising out of an incident in which Plaintiff claims that she fell on uneven concrete which was hidden from her view. The incident allegedly occurred on the premises of one of Defendant's retail store locations in Queen Creek, Arizona, on or about October 14, 2023.

Plaintiff claims that as a result of the incident, she sustained "serious injuries" for which she seeks to recover general and special damages. On February 20, 2025, Plaintiff produced medical records and bills for medical care she claims was caused by the subject trip and fall incident. These documents reflect that on February 29, 2024, Plaintiff underwent rotator cuff surgery. According to the documents Plaintiff

---

[1] Based on information Plaintiff provided to Defendant on the day of the incident, she is a resident of Tracy, California (located in San Joaquin County). Despite that Plaintiff lives in San Joaquin County, and the fact that the incident giving rise to this litigation occurred outside the State of California, Plaintiff's Complaint was filed in Alameda County.

produced, the medical expenses incurred for that procedure total at least $82,911.48. Additionally, Plaintiff produced records from her chiropractor reflecting an additional $2,494 in medical costs incurred, plus documents purportedly establishing that Plaintiff used a total of 169 hours of sick accruals as a consequence of her claimed injuries. (*See* Declaration of Sidorela Deliu-Kerasiotis ("Deliu-Kerasiotis Decl."), filed concurrently herewith, at ¶ 4.) Based on the documents Plaintiff produced on February 20, 2025, therefore, **Plaintiff has already incurred at least $85,405.48 in medical expense** ostensibly caused as a result of the subject trip and fall incident that occurred on Defendant's business premises.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I.     The Amount-In-Controversy Requirement is Satisfied.

In her Complaint, Plaintiff asserts that on or about October 14, 2023, "she fell on uneven concrete which was hidden from her view and as a result, she suffered serious injuries." (Complaint, **Exhibit 1**, at Prem.L-1.) On February 20, 2025, Plaintiff produced medical records confirming that she has already incurred at least $85,405.48 in medical expenses allegedly as a result of the subject trip and fall incident. (Deliu-Kerasiotis Decl. at ¶ 4.) Based on the same, the amount in controversy in this dispute, exclusive of interest and costs, exceeds the sum of $75,000.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

///

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

On information and belief, Plaintiff is a resident of Tracy, California. Plaintiff is therefore a citizen of California. Plaintiff alleges at paragraph 5 of the Complaint that Defendant was at all times a corporation. Defendant admits that it was and is a corporation, incorporated in the State of Delaware, and further states that its principal place of business is in Arkansas. For purposes of diversity, therefore, Defendant is a citizen of Delaware and Arkansas.

The Complaint also names "DOES 1 to 20" as Defendants. (Complaint, **Exhibit 1**, at ¶ 6.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

## III. The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable.*" *Id.* at 1446(b)(3). (Emphasis added.)

Defendant acknowledges that Plaintiff's initial pleading was not immediately removable. However, this action became removable on February 20, 2025, once Defendant received Plaintiff's medical records and billings confirming that the

amount in controversy now exceeds the jurisdictional amount in controversy threshold of $75,000.[2] Upon receipt of this "other paper" on February 20, 2025, the case became removable, and this Notice of Removal is therefore proper.

This action is properly removed to the United States District Court for the Northern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a) (listing the counties within the Northern District of California). As noted above, while Plaintiff filed her original Complaint in Alameda County Superior Court, she does not reside in Alameda County. Further, the incident giving rise to this action occurred outside the State of California, in Queen Creek, Arizona. Notwithstanding, because Plaintiff filed her Complaint in Alameda County, removal to the Northern District is proper pursuant to 28 U.S.C. § 84(a).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (25CV108589) to be included with this Notice of Removal.  True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Civil Case Cover Sheet
- **Exhibit 3** – Answer filed in state court action

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

///

///

---

[2] Defendant submits that the documents produced by Plaintiff through discovery constitute such "other paper from which it may first be ascertained that the case is one which is or has become removable" as provided under 28 U.S.C. § 1446(b)(3).

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: March 6, 2025                     Respectfully submitted,

**O'HAGAN MEYER**

By:   /s/ Theodore C. Peters
    THEODORE C. PETERS
    SIDORELA DELIU-KERASIOTIS
    *Attorneys for Defendant WALMART INC.*